**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NA'EEM BETZ, | |
| Plaintiff, | Civil Action No. 21-cv-1320 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| GLOBAL TELESOURCING, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Na'eem Betz, proceeding *pro se*, brings the instant suit against defendant Global Telesourcing, LLC, alleging that defendant called his wireless telephone number that was registered on the national do-not-call list, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and its implementing regulations. Am. Compl., ECF No. 12. In response, defendant filed a counterclaim for common law fraud, alleging that plaintiff made false allegations that defendant violated the TCPA. *See generally* Def.'s Answer & Countercl. Pl.'s Am. Compl. ("Def.'s Answer & Countercl."), ECF No. 13. Pending before the Court are defendant's motion for sanctions under Federal Rule of Civil Procedure 11, *see* Def.'s Mot. Sanctions ("Def.'s Mot."), ECF No. 15, and plaintiff's motion to dismiss defendant's counterclaim for lack of subject matter jurisdiction, *see* Pl.'s Mot. Dismiss Def.'s Countercl. ("Pl.'s Mot."), ECF No. 16.

For the reasons set forth below, the defendant's motion for sanctions is denied with leave to renew, the Court dismisses defendant's counterclaim, *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted, and plaintiff's motion is denied as moot. Put another way, after resolution of this flurry of pretrial

motions requiring judicial attention, this case remains pending for plaintiff to proceed on his
original claim.

## I.      BACKGROUND

Following brief review of the statutory and regulatory background, the factual history

underlying the claims and procedural history of this case are summarized below.

### A.      Statutory and Regulatory Background

Congress enacted the TCPA in 1991 to curb abusive telemarketing practices that

threatened consumer privacy.  TCPA, Pub. L. No. 102-243, § 2(6), 105 Stat. 2394, 2394 (finding

that "[m]any consumers are outraged over the proliferation of intrusive, nuisance calls to their

homes from telemarketers").  The TCPA bans invasive telemarketing practices and directs the

Federal Communications Commission ("FCC") to prescribe implementing regulations.  *See*

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373–74 (2012).  To that end, Congress instructed

the FCC consider whether to create "a single national database to compile a list of telephone

numbers of residential subscribers who object to receiving telephone solicitations."  47 U.S.C. §

227(c)(3).  In 2003, the FCC issued a final rule establishing a national Do Not Call ("DNC")

registry with the Federal Trade Commission ("FTC").[1]  *See* Rules and Regulations Implementing

the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44144-01 (July 25, 2003)

(codified at 47 C.F.R. § 64.1200).  Once an individual registers their residential or wireless

telephone number on the DNC list, the TCPA regulations restrict the telephone solicitations that

can be made to that number.  *Id.* at 44146–47; *see also* 47 C.F.R. §§ 64.1200(c)–(e).  If an

---

[1]      Before promulgation of the 2003 Final Rule, the FTC had already established a national DNC registry,
pursuant to its authority under the Telemarketing and Consumer Fraud and Abuse Prevention Act of 1994, 15 U.S.C.
§§ 6101, *et seq*.  16 C.F.R. § 310.4(b)(1)(iii)(B); *see* 15 U.S.C. § 6102(a)(1).  Congress directed the FCC to
coordinate its rulemaking under the TCPA with the FTC in order "to maximize consistency" with the DNC rules
already promulgated by the FTC.  15 U.S.C. § 6153.

individual does receive telephone solicitations in violation of the TCPA's regulations, the TCPA provides a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [the TCPA]."  47 U.S.C. § 227(c)(5).

Limited exemptions to liability are provided under DNC regulations, including if the subscriber consented to the calls or if an "established business relationship" ("EBR") existed between the caller and the subscriber.  47 C.F.R. § 64.1200(f)(15).  The FCC defines an EBR as

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

*Id.* § 64.1200(f)(5).  A subscriber may, however, terminate an EBR by specifically requesting "not to receive telemarketing calls made by or on behalf of that person or entity . . . even if the subscriber continues to do business with the seller."  *Id.* §§ 64.1200(d), (f)(5)(i).  The FCC has "recognize[d] that companies often hire third party telemarketers to market their services and products.  In general, those telemarketers may rely on the seller's EBR to call an individual consumer to market the seller's services and products."  In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14083 (2003).  The seller or telemarketer has the burden of proving the existence of an EBR.  *See* Rules and Regulations Implementing the TCPA, 68 Fed. Reg. at 44159 ("Any seller or telemarketer using the EBR as the basis for a telemarketing call must be able to demonstrate, with clear and convincing evidence, that they have an EBR with the called party.").

## B.    Factual Background

Plaintiff is a resident of Washington, D.C., and has registered his telephone number (ending in 8063) on the DNC list since 2012.   Am. Compl. ¶¶ 7, 13.  Defendant is a limited liability company located in Virginia that provides customer service functions and contact programs on behalf of its clients.  *Id.* ¶¶ 8, 9.  Between February 24, 2021, and March 18, 2021, defendant called plaintiff's registered telephone number ten times on behalf of Comcast, based on plaintiff's alleged status as a current Comcast customer.  *Id.* ¶ 13; Def.'s Answer & Countercl. at 12.  Plaintiff never answered any of these calls, Def.'s Answer & Countercl. at 12, and defendant never left a voicemail identifying the nature of the calls, the name of the entity responsible for initiating the calls, or a telephone number at which the entity could be reached, Am. Compl. ¶ 18.

## C.    Procedural Background

On May 7, 2021, plaintiff initiated this litigation, claiming that defendant's ten calls to his wireless telephone number violated the TCPA because plaintiff's number had been placed on the national DNC registry and plaintiff had never consented to receive solicitation calls from defendant.  Compl. ¶ 33, ECF No. 1.  Three days later, an attorney for defendant sent an e-mail to plaintiff requesting that he abandon his claim because defendant did not violate the TCPA and, if plaintiff refused, defendant would "defend itself fully including sanctions for claims found to be frivolous."  *See* Am. Compl. Ex. E: E-Mail from William E. Raney to plaintiff (May 10, 2021), ECF No. 12-6.  In the e-mail, defendant's attorney explained that defendant "only made those calls to [plaintiff] on behalf of Comcast based on [his] status as a current customer and pursuant to an established business relationship."  *Id.*  Two days later, the attorney emailed plaintiff again, relaying the same contentions and notifying plaintiff that his number had been added to defendant's internal do-not-call list and that defendant intended to seek sanctions under

Federal Rule of Civil Procedure 11 if plaintiff persisted in pursuing litigation.  *See id.* E-Mail from William E. Raney to plaintiff (May 12, 2021) at 1, ECF No. 12-6.

Subsequently, on July 4, 2021, plaintiff filed an amended complaint, again alleging that defendant's ten calls violated the TCPA and including additional allegations concerning the lack of an EBR between defendant and plaintiff.  Am. Compl. ¶ 16.  Defendant filed an answer to the Amended Complaint, as well as a counterclaim for common law fraud, alleging that plaintiff made false representations that defendant violated the TCPA.  *See generally* Def.'s Answer & Countercl.  Defendant additionally filed a Rule 11 motion for sanctions against plaintiff, arguing that plaintiff's claim is objectively frivolous and lacks evidentiary support, entitling defendant to "an order . . . imposing monetary sanctions against" plaintiff and "to an order dismissing with prejudice all claims in the first amended complaint."  Def.'s Mot. at 8–9.  Plaintiff then moved to dismiss defendant's counterclaim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Pl.'s Mot. at 1.  Both motions are now ripe for resolution.

## II.    DISCUSSION

Defendant's motion for sanctions is addressed first before discussing plaintiff's motion to dismiss defendant's counterclaim.

### A.    Motion for Rule 11 Sanctions

Federal Rule of Civil Procedure 11(b) provides, in relevant part, that by presenting a pleading, written motion, or other paper to the Court:

> an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Pursuant to Rule 11(c), if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction."  In short, Rule 11 "requires that an attorney [or an unrepresented party] conduct a reasonable inquiry [into] the factual and legal basis for a claim before filing."  *Miller v. Bittner*, 985 F.2d 935, 939 (8th Cir. 1993).

The test for sanctions under the Rule "is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.  The Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings."  *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (quoting *Scruggs v. Getinge USA, Inc.*, 258 F.R.D. 177, 180–81 (D.D.C. 2009)); *see also Hourani v. Mirtchev*, 796 F.3d 1, 17 (D.C. Cir. 2015).

Without seeking dismissal of this complaint under the Federal Rules, defendant nevertheless seeks a dismissal disposition using Rule 11 sanctions, arguing that plaintiff knowingly filed a claim that was "objectively frivolous" and "lack[ing in] evidentiary support," Def.'s Mot. at 4, citing that defendant provided plaintiff with "overwhelming evidence" showing defendant "only made calls to [plaintiff] on behalf of Comcast based on [plaintiff's] status as a current [Comcast] customer and pursuant to an EBR," *id.* at 6.  In defendant's view, plaintiff's "allegations in the amended complaint lack evidentiary support and will continue to lack evidentiary support after a reasonable opportunity for further investigation or discovery."  *Id.* Defendant faults plaintiff for "continu[ing] to advocate his frivolous claim including [by] . . . filing an amended complaint and . . . [filing] a . . . motion to dismiss [defendant's]

counterclaim." *Id.* at 7.  As sanctions for filing this lawsuit, not only does defendant request monetary sanctions but also dismissal of the complaint with prejudice.  *Id.* at 9.

Defendant's motion for sanctions is denied as inappropriate at this time for at least two reasons.  First, defendant's use of a Rule 11 motion to seek dismissal at this stage of the litigation is disfavored.  "[D]ismissal with prejudice is an exceedingly rare sanction to be imposed only in extreme circumstances." *Allscripts Healthcare, LLC v. DR/Decision Res., LLC*, 495 F. Supp. 3d 47, 50–51 (D. Mass. 2020) (collecting cases); *see also Marina Mgmt. Servs., Inc. v. Vessel My Girls*, 202 F.3d 315, 325 (D.C. Cir. 2000) ("Dismissal is a legitimate sanction under Rule 11 for serious misconduct when lesser sanctions would be ineffective or are unavailable." (citation omitted)).  Consequently, courts consistently have stated that a Rule 11 motion "is not a proper substitute for a dispositive motion," *Allscripts*, 495 F. Supp. 3d at 52 (collecting cases), and should not be used "to convert a disagreement over the factual allegations and legal arguments in [a] [p]laintiff's complaint into a sanctions dispute," *Sutakovic v. CG RYC, LLC*, No. 18-CIV-20125, 2018 WL 2766206, at *4 (S.D. Fla. June 8, 2018) (collecting cases).

Defendant here attempts such an improper conversion.  To date, defendant has not filed a motion to dismiss, for judgment on the pleadings, or for summary judgment, despite already engaging in informal discovery with plaintiff, the results of which, defendant contends, support that plaintiff's claim is frivolous.  *See* Def.'s Mot. at 5–6.  Instead, at this early procedural posture, defendant chastises plaintiff for not "provid[ing] any information or documents to refute that he was a current customer of Comcast . . . or that [defendant] called him for another purpose." *Id.* at 6.  At this early stage of the litigation, with no dispositive motion challenging the Amended Complaint, plaintiff is not required to provide any evidence that defendant did not rely on an EBR for the basis of its solicitation calls.  The burden of establishing an EBR rests on

7

defendant.  *See* Rules and Regulations Implementing the TCPA, 68 Fed. Reg. at 44159 ("Any

seller or telemarketer using the EBR as the basis for a telemarketing call must be able to

demonstrate, with clear and convincing evidence, that they have an EBR with the called party.");

*Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 397 (M.D.N.C. 2015), *aff'd*, 925 F.3d 643

(4th Cir. 2019) (holding that "EBR is a defense for [the defendant] to prove, and the absence of

an EBR is not an element of a TCPA claim that [the plaintiff] has to prove"); *see also Hand v.*

*Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1122 (W.D. Mo. 2020) (collecting cases).  Thus, the

better course is to challenge plaintiff's evidentiary support and seek dismissal of this suit through

the traditional device of a motion to dismiss or for summary judgment.  *See Dobronski v. Alarm*

*Mgmt. II L.L.C.*, No. 18-11055, 2019 WL 1232690, at *2–3 (E.D. Mich. Mar. 18, 2019) (holding

that a Rule 11 sanction for dismissal should be reserved for rare instances of serious misconduct

"in order to discourage the use of a Rule 11 motion as a substitute for a challenge governed by

the more suitable standards of Fed. R. Civ. P. 12 or 56"); *Allscripts*, 495 F. Supp. 3d at 51–52

(same; collecting cases).

Relatedly, the procedural posture of this case also informs the Court's decision to decline

to impose sanctions at this time.  In circumstances as here, where defendant contends "that

institution of the case itself was improper," "[c]ourts should, and often do, defer consideration of

. . . sanctions motions until the end of trial." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d

17, 23 (1st Cir. 1999); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment

("The time when sanctions are to be imposed rests in the discretion of the trial judge.  However,

it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be

determined at the end of the litigation . . . ."); 5A Charles Alan Wright, Arthur R. Miller, & A.

Benjamin Spencer, Federal Practice and Procedure § 1337.1 (4th ed. 2021) ("[I]f the challenged

conduct is that there is no factual support for the institution of the action itself . . ., the question of whether there has been a Rule 11 violation generally should not be decided until after the litigation is completed."); *id.* at n.22 (collecting cases).  Accordingly, the appropriateness of Rule 11 sanctions is deferred until the end of the litigation.

In sum, Rule 11 sanctions should not be used as a vehicle for dismissal and, when based on the pleadings, are ordinarily determined at the end of litigation.  Accordingly, defendant's motion for sanction is denied, with leave to renew prior to entry of judgment or dismissal.

### B.    Motion to Dismiss Counterclaim

Plaintiff moves to dismiss defendant's counterclaim alleging common law fraud, under Federal Rule of Civil Procedure 12(b)(1), arguing that (1) defendant has not sufficiently alleged diversity jurisdiction by misrepresenting the amount-in-controversy, and (2) the Court should decline to exercise supplemental jurisdiction.  Pl.'s Mot. at 3–5.  Lurking in plaintiff's rambling *pro se* motion, however, is a more solid basis to dismiss defendant's counterclaim: defendant has failed to state a claim upon which relief may be granted, under Rule 12(b)(6) and Rule 9(b).  *See id.* at 10–11.  For the reasons discussed below, defendant's counterclaim is dismissed *sua sponte*. In light of this finding, the parties' other arguments need not be addressed.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2).  A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather it tests whether a plaintiff properly has stated a claim.  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Wood v. Moss*, 572 U.S. 744, 757–58 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," and "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Singletary v. Howard Univ.*, 939 F.3d 287, 295 (D.C. Cir. 2019).   Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order "to provide the 'grounds' of . . . 'entitle[ment] to relief,'" *Twombly*, 550 U.S. at 555 (alteration and omission in original) (quoting *Conley*, 355 U.S. at 46–47), and "nudge[ ] [the] claims across the line from conceivable to plausible." *Id.* at 570.   Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (second alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To withstand a motion to dismiss for failure to state a claim, a fraud claim must also meet the standard set out in Federal Rule of Civil Procedure 9(b), which provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As this rule makes clear, "[f]raud is never presumed and must be particularly pleaded." *Lee v. Bos*, 874 F. Supp. 2d 3, 6 (D.D.C. 2012) (quoting *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977)).   Thus, "[c]ombining Rules 8 and 9(b), [the D.C. Circuit] require[s] that 'the pleader . . . state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (omission in original) (quoting *Kowal v. MCI Commc'ns, Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994)).   This heightened

pleading standard is designed to "discourage the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude," as well as "guarantee all defendants sufficient information to allow for preparation of a response." *Id*. (quoting *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981)).

In the D.C. Circuit, "[t]he district court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (quoting *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam)); *see also Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) ("Complaints may also be dismissed . . . *sua sponte*  . . . under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" (quoting *Baker*, 916 F.2d at 726)).

A plaintiff must show the following elements for a viable fraud claim: "(1) a false representation (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Lee*, 874 F. Supp. 2d at 6 (quoting *Bennett*, 377 A.2d at 59).  Defendant, in alleging its counterclaim, has failed to do so here by failing to plead the necessary element of "detrimental reliance" in relation to any of its fraud allegations.

Defendant in its counterclaim states that the "[c]ounterclaim is made in addition to Defendant's Answer because Defendant maintains that it is not liable under the [TCPA]."  Def.'s Answer & Countercl. at 10.  Specifically, defendant alleges that plaintiff "falsely referred to Defendant's calls as unsolicited and unlawful" in his pleadings and letters to defendant and that "[p]laintiff continues to misrepresent . . . material facts in his pursuit of this lawsuit, wasting the

Court's and Defendant's time and resources." *Id.* at 14. Construed generously, defendant's allegations tend to demonstrate that plaintiff's fraudulent representations were intended to induce reliance by a third party, *i.e.*, the Court, in order to obtain a favorable ruling. Such reliance by "third parties cannot, standing alone, satisfy the detrimental reliance element required for fraud claims under D.C. law." *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 276 (D.D.C. 2011); *see Aktieselskabet AF 21 Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 22–23 (D.C. Cir. 2008) ("A plaintiff may recover for a defendant's fraudulent statement only if the plaintiff took some action in reliance on that statement.").

The only action that defendant asserts it took in reliance on plaintiff's allegedly fraudulent statements was to expend money on litigation. *See* Def.'s Answer & Compl. at 13 ("Defendant has now been required to engage attorneys and incur costs associated with defending itself against this meritless lawsuit, all based on Plaintiff knowingly making false allegations that Defendant violated the TCPA."). This Court, and other courts in the D.C. Circuit, has held, however, that the cost of legal services alone is not sufficient to state a valid claim for detrimental reliance. *See E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 18 (D.D.C. 2014); *Busby*, 772 F. Supp. 2d at 276 ("[I]t is far from clear that the cost of legal services can constitute detrimental reliance for purposes for fraud, given the American Rule against fee shifting."); *see also Sloan v. Urb. Title Servs., Inc.*, 689 F. Supp. 2d 94, 121 (D.D.C. 2010) (holding party asserting fraud "must provide legal authority in support of his apparent claim that he is entitled to attorneys' fees and costs and that this alone is sufficient proof of damages to sustain his claim for fraud and misrepresentation."). Thus, defendant's failure to allege any other detrimental reliance is fatal to its fraud claim.

Accordingly, defendant's counterclaim of common law fraud is dismissed.

### III.    CONCLUSION

For the foregoing reasons, defendant's motion for sanctions is denied with leave to renew prior to entry of judgment or dismissal.  Additionally, defendant's counterclaim is dismissed *sua sponte* because it is "'patently obvious' that [defendant] cannot possibly prevail based on the facts alleged in the [counterclaim]."  *Rollins*, 703 F.3d at 127 (quoting *Baker*, 916 F.2d at 727). Accordingly, plaintiff's motion to dismiss defendant's counterclaim is denied as moot.

Furthermore, the parties are directed to file, by December 17, 2021, (1) the Joint Meet and Confer Report required by D.D.C. Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f); and (2) a Joint Status Report explaining their failure timely to file the Joint Meet and Confer Report, which was due on August 18, 2021, *see* Standing Order ¶ 3.a, ECF No. 3.

An Order consistent with this Memorandum Opinion will issue contemporaneously.

Date:  December 10, 2021

_____
BERYL A. HOWELL
Chief Judge