**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NA'EEM BETZ**,<br><br>  Plaintiff,<br><br>v.<br><br>**GLOBAL TELESOURCING, LLC**<br><br>  Defendant. | Case No. 1:21-cv-01320-BAH<br><br>Chief Judge Beryl A. Howell |

**PLAINITFF MEET AND CONFER REPORT**

Pursuant to the Court's Order on December 10, 2021 (*Dkt*. No. 23), and Local Civil Rule 16.3(d), Plaintiff Na'eem Betz, (*Pro Se*), files this Meet and Confer Report and states as follows:

**Nature of the Case and Statutory Basis**

1. This matter arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. According to Plaintiff factual allegations in the amended complaint, Global Telesourcing violated the TCPA by calling Betz at his telephone number while it was on the national "do-not-call" list, 47 U.S.C. § 227(c)(5). Dkt. No. 11, ¶¶ 13, 34, 36.

3. Plaintiff's Position:

The parties under no circumstances never participated in any agreed informal discovery. Defendant willfully violated Plaintiff privacy rights. Counsel for the Defendant is Ms. Kellie Mitchell Bubeck advises clients on federal and state telemarketing laws, data privacy laws. She is a Certified Information Privacy Professional (CIPP/US). In addition, there is no specific contractual agreement between or an established business relationship ("EBR"), partial exemption with Plaintiff. The only material, false representations here is the fact that Defendant's willfully

violated provisions of the FTC Telemarketing Sales Rule ("TSR") by accessing and acquiring billing and account statements from Xfinity / Comcast without prior express written consent or express written consent from the consumer Plaintiff. *(See Dkt.* No.15., ecf/cm page 16-30., Plaintiff telephone number is partially redacted and listed as "UNVERIFIED" on an internal account screenshot. - "Exhibit D" *See Dkt. No.15.,* ecf/cm page 27 of 36., also see Plaintiff "Exhibit G-6" zoomed in screen shot under the name ("Na'eem Betz") displaying the words "UNVERIFIED" next to an orange round asterisk symbol.

Defendant's again violated consumer Plaintiff privacy rights. Under no circumstances or reasons should a telemarketing company be in possession of another companies billing / accounting statements or an internal computer screenshot unless counsel for the Defendant's or CEO and co-founder of Global Telesourcing, LLC ("Global Telesourcing"), Mr. William Colton on his own or with other corporate individuals illegally / unlawfully willfully violated Plaintiff privacy protections along with other Xfinity / Comcast corporate individuals. Most provisions in the ("TSR") apply not just to telemarketers but also to sellers. The consumer must give express agreement in writing to receive calls placed by—or on behalf of—the seller. The writing must include the number to which calls may be made and the consumer's signature. The signature may be a valid electronic signature, if the agreement is reached online.

If a seller conducts its own telephone solicitations—or if its hired telemarketers are found to be its agents—it must comply with the TSR as to its phone solicitations. Even if a seller does not directly violate a TSR provision, it is a TSR violation for a seller to provide substantial assistance or support to any telemarketer when the seller knows or consciously avoids knowing that the telemarketer is violating the TSR. That provision applies to "any person" who supports a seller or telemarketer, so it applies to a seller supporting a telemarketer. In addition, a seller is liable if it "cause[s]" a

telemarketer to violate the TSR's do-not-call provisions and its other restrictions on a pattern of calls. Defendants are a "telemarketer" who placed telemarketing calls intentionally violating the "TCPA" "Do-Not-Call" Registry. Compliance is required both of "telemarketers", entities that initiate or receive telephone calls to or from consumers, and "sellers", the entities that provide or arrange to provide the goods and services being offered. The TSR (16 C.F.R.§310.4) requires these organizations to:

• <u>Engage in no deceptive or abusive telemarketing acts or practices.</u>

• <u>Display telemarketer or seller's caller ID information.</u>

• <u>Identify themselves and what they are soliciting.</u>

• <u>Never engage in unauthorized billing.</u>

The caller must prove a prior existing business relationship or express written consent from a consumer it calls whose number is on the "DNC" Registry. Companies must pay the FTC a subscription fee to access the National "DNC" Registry. The consumer must give express agreement in writing to receive calls placed by—or on behalf of—the seller. The writing must include the number to which calls may be made and the consumer's signature. The signature may be a valid electronic signature if the agreement is reached online. Defendant's intentionally, willfully abandoning each call while completely disobeying their ("TCPA") compliance procedures or rules. The defendant hid or blocked their full caller identification only allowing the words "TELEMARKETING" and the telephone number (407-339-0165) to show while never leaving any way to opt-out of these illegal calls. Defendants abandoned each call to Plaintiff wireless telephone number while never leaving the true name of the entity responsible for initiating the call, along with the telephone number of that entity that can be used during normal business hours to ask not to be called again. Plaintiff would not or could not have known who this entity

3

only identified as "TELEMARKETING" displayed on the Plaintiff caller ID. Defendant used a device to impede the function of Plaintiff's caller ID during the dates of solicitation. See Dkt. No.12-2., ecf/cm page 1-7., *See Dkt.* No.12-3., ecf/cm page 1-11. Commonly referred to in the telemarketing industry as "spoofing," telemarketers often use software or other devices to cause telephone numbers other than their own to appear on the called party's caller ID. Effectively, this allows telemarketers to disguise their true identity.

## A. DISCOVERY PLAN

A proposed discovery plan is attached hereto. The Court may adopt or alter parts of the proposed discovery plan.

## B. MATTERS DISCUSSED BY PLAINTIFF AND COUNSEL FOR DEFENDANT

**Matters Discussed by the Parties Pursuant to LCvR 16.3(c) and Fed. R. Civ. P. 26(f)(2), (3)**

1. **Likelihood of Disposition by Dispositive Motion:** Plaintiff anticipate that the case will be resolved by dispositive motions.

2. **Joinder of Parties/Amendment of Pleadings**

   Any additional parties may be joined, and the pleadings may be amended without leave at any time within **45 days** after the initial scheduling conference. Thereafter, additional parties and/or amendments of the pleadings may only be made with leave of court.

3. **Assignment to Magistrate Judge:**

4. Plaintiff do not consent to trial before a magistrate judge, and they further believe that no referral is necessary in this case.

5. **Possibility of Settlement:** Plaintiff remains open to the possibility of having healthy settlement discussions. The parties have different positions with respect to the possibility

of settlement. Should the Court have questions regarding this topic, Plaintiff is prepared to address this at the Initial Scheduling Conference.

      6.    **Benefit from Alternative Dispute Resolution Procedures:** Naeem Betz trusts that (ADR) could benefit the parties to reaching a settlement agreement. When civil cases are settled early – before they become costly and time-consuming– all parties and the court benefit.

**The Federal Bar Association Alternative Dispute Resolution Task Force Report stated:**

[T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs. Plaintiff trusts that (ADR) should take place before or after the filing of the first amended complaint or after the exchange of Rule 26(a)(1) initial disclosures. Plaintiff reserves his right to mediation.

      7.    **Subsequent Dispositive Motions**

Plaintiff proposes that dispositive motions being should be filed within 30 days after the official close of all discovery or before the pretrial scheduling conference. Plaintiff has the right to discover all material facts from the Defendant. Plaintiff proposes that any opposition should be filed 15 days thereafter, and any reply 15 days thereafter.

      8.    **Resolution by Summary Judgment or Motion to Dismiss:** As discussed above, this case will likely be resolved by dispositive motions. Accordingly, Plainitiff propose the following schedule:

    Defendant's Motion for Summary Judgment: July 1, 2022.

    Plaintiff's Opposition and Cross-Motion for Summary Judgment: July 16, 2022.

Defendant's Opposition and Reply: August 1, 2022.

Plaintiff's Reply: August 16, 2022.

9. **Stipulations Regarding Initial Disclosures:** Plaintiff states the parties will make their respective Rule 26(a)(1) disclosures on or before February 1, 2022.

10. **Discovery:** Plaintiff request the following:

Plaintiff proposes that the standard limits on discovery should apply, but each reserve the right to request exceptions to those limits should such exceptions prove necessary (although such exceptions are not anticipated by either party).

Extent of Discovery: Interrogatories, requests for production of documents, requests for admission, and deposition of Global Telesourcing.

Protective Order: The parties do not request a protective order currently.

Discovery Completion (including answers to interrogatories, document production, requests for admissions, and depositions): June 1, 2022.

11. **Other Discovery Issues:** All documents should be provided in their original format with no metadata removed or altered. Plaintiff proposes that discovery requests and responses shall be served by e-mail or otherwise electronically. Plaintiff proposes to use PDF format for documents and a commonly used format for all other types of files (e.g., MP3 for audio files). Plaintiff proposes to preserve all evidence, including by removing any automatic deletion on their emails, phones, or other electronic storage.

12. Privilege: If privilege becomes an issue, then Plaintiff will file the appropriate motions with the court concerning a claim of privilege or a protective order.

13. Expert Witness: The parties agree that no expert witness is necessary in this case.

14. Class Action: This case is not a class action.

15. <u>Bifurcation of Trial or Discovery</u>: The parties agree that no bifurcation is appropriate or necessary here.

16. <u>Pretrial Conference</u>: The parties agree that no pretrial conference date should be set because the case is likely to be resolved based on dispositive motions.

17. <u>Firm Trial Date</u>: The parties agree that no firm trial date should be set because the case is likely to be resolved based on dispositive motions.

18. <u>Other Matters</u>: The parties do not anticipate additional matters.

Accordingly, Plaintiff request that the Court enter the attached proposed scheduling order in this case.


Dated: December 22, 2021            Respectfully submitted,

*/s/ Na'eem Omar Betz*
Na'eem Omar Betz
4244 Hildreth St. SE
Washington, D.C. 20003
Email: nobetzo@gmail.com

*Plaintiff, Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on the following parties via the Court's CM/ECF electronic filing system on this 22nd day of December 2021:

> BEAN, KINNEY & KORMAN, P.C.
> Samuel Banks
> Robert T. Hicks
> 2311 Wilson Blvd.
> Arlington, VA 22201
> Email: sbanks@beankinney.com
>             rhicks@beankinney.com
> Telephone: (703) 284-7247
> Facsimile: (703) 525-2207
>
> -and-
>
> COPILEVITZ, LAM & RANEY, P.C.
> William E. Raney, MO #46954 (*Pro hac vice*)
> Kellie Mitchell Bubeck, MO #65573 (*Pro hac vice*)
> 310 W. 20th Street, Suite 300
> Kansas City, Missouri 64108
> Email: braney@clrkc.com
>             kbubeck@clrkc.com
> Telephone: (816) 472-9000
> Facsimile: (816) 472-5000
>
> *Attorneys for Defendant Global Telesourcing, LLC*

/s/ *Na'eem Omar Betz*
Plaintiff, *Pro Se,* Na'eem Omar Betz